# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JASON CHRISTOPHER WALKER, | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:15-cv-013 |
| v. | * | |
| UNITED STATES OF AMERICA; SAMUEL S. OLENS; and HOMER BRYSON, | * | |
| Respondent. | * | |

## ORDER

As detailed below, Petitioner has failed to follow this Court's directive to update the Court on his current mailing address. Therefore, the Court has no means to communicate with Plaintiff and cannot effectively administer this case. Consequently, the Court **DISMISSES** this action without prejudice, **DENIES** Petitioner leave to appeal in forma pauperis, and **DENIES** him a certificate of appealability.

## BACKGROUND

Petitioner filed an action under 28 U.S.C. § 2254 contesting the legality of his confinement. Dkt. No. 1. On February 17, 2015, Petitioner moved for leave of Court to proceed in the present case in forma pauperis. Dkt. No. 3. Petitioner's Motion was granted by Order dated May 13, 2015, and

the Clerk was directed to serve the Petition on the Respondents. Dkt. No. 4. Additionally, Petitioner was informed by the Magistrate Judge's May 13, 2015 Order of his obligation to inform the Court, in writing, of any change of address and that his failure to do so would result in the dismissal of his cause of action. Dkt. No. 4, p. 3.

Respondent Bryson filed his answer response to the Petition on July 10, 2015. Dkt. No. 5. On this same date, Respondent Bryson filed a Motion to Dismiss, and Respondent Olens filed a Motion to Dismiss as an Improper Party Respondent. Dkt. Nos. 6, 7. On August 25, 2015, the Magistrate Judge issued an Order directing Petitioner to file any objections to Respondents' Motions to Dismiss within twenty-one days. Dkt. No. 8. The Court warned Petitioner that if he did not respond to the Motions to Dismiss, the Court would presume that he did not oppose dismissal. Id.

The Magistrate Judge's May 13, 2015 Order was returned to the Court and marked "Return to Sender" on August 27, 2015. Dkt. No. 9. On August 28, 2015, Respondent Bryson filed a Notice to the Court advising that service copies to Petitioner were returned in the mail to Respondent.[1] (Dkt. No. 10.) Additionally, the Magistrate Judge's August 25, 2015 Order was

---

[1] Additionally, Respondent Bryson submits that the Bureau of Prisons website indicates Petitioner was released from custody on June 17, 2015. Dkt. No 10, p. 2.

AO 72A
(Rev. 8/82)

2

returned to the Court as undeliverable on September 8, 2015. (Dkt. No. 11.)

Given Petitioner's failure to provide the Court with any other mailing address and the return of several previous mailings sent to Petitioner's attention to the address listed upon the docket and record of this case, the Court has been unable to communicate effectively with Petitioner regarding the progress of these proceedings.

## DISCUSSION

I. **Dismissal For Failure to Prosecute and Follow This Court's Orders**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or

---

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Petitioner that his failure to notify the Court of his change of address would result in dismissal of this action. Dkt. no 4, p. 3.

local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to

prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802-03.

While the Court exercises its authority to dismiss cases with caution, dismissal is appropriate in the case at hand. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service). Without a proper address for Petitioner, the Court has no means to adjudicate the merits of his claims. Moreover, he was given ample notice of his obligation to inform this Court of any change of address, and he failed to do so. Additionally, no lesser sanctions will suffice to remedy Petitioner's clear record of delay.

Due to Petitioner's failure to follow the instructions of the Court, his Petition is **DISMISSED, without prejudice.**

II. **Leave to Appeal In Forma Pauperis and Certificate of Appealability**

The Court should also deny Petitioner leave to appeal in forma pauperis, and he should be denied a Certificate of Appealability ("COA"). Though Petitioner has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of

the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also, FED. R. APP. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Petitioner's action and applying the certificate of appealability standards set forth

above, there are no issues worthy of a certificate of appeal, and therefore, the Court **DENIES** the issuance of a certificate. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal is, likewise, **DENIED**.

## CONCLUSION

For the above-stated reasons, Petitioner's action is **DISMISSED**, without prejudice, and the Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the Court **DENIES** Petitioner a Certificate of Appealability and **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 7 day of October, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA